# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## DOCKET NO: 1:18-cv-00344-MOC

| | |
|---|---|
| JOSEPH BENJAMIN DEBTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| ANDREW M. SAUL, ) | |
| **Commissioner of Social Security** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Receive New and Material Evidence (Doc. No. 14), Plaintiff's Motion for Summary Judgment (Doc. No. 13), and Defendant's Motion for Summary Judgment (Doc. No. 20). This matter has been fully briefed and is ripe for review. Having considered the motions and reviewed the pleadings, the Court enters the following Order.

I. ADMINISTRATIVE HISTORY

On September 4, 2014, Plaintiff Joseph Debty filed applications for disability insurance benefits under Title II, and supplemental security income under Title XVI, of the Social Security Act (the "Act"). In both applications, Plaintiff alleged he became disabled beginning June 1, 2003. (Tr. 171, 175). Plaintiff's claims were denied initially and upon reconsideration, so he filed a request for a hearing before an Administrative Law Judge ("ALJ"). (Tr. 11). On August 31, 2017, ALJ Colin Fritz held a hearing for de novo consideration of Plaintiff's claims. (Id.). Thereafter, on November 15, 2017, the ALJ issued a decision concluding Plaintiff was not disabled within the meaning of the Act. (Tr. 11–21). The Appeals Council denied Plaintiff's request for

1

review on September 25, 2018, rendering the ALJ's decision a final decision reviewable by this Court. (Tr. 5). Plaintiff exhausted all available administrative remedies, so this case is ripe for judicial review, pursuant to 42 U.S.C. § 405(g).

## II. FACTUAL BACKGROUND

It appears that the ALJ's findings of fact are supported by substantial evidence. As such, this Court adopts and incorporates those findings herein as fully set forth. The findings are referenced in the substantive discussion that follows.

## III. STANDARD OF REVIEW

In considering cross-motions for summary judgment, this Court "examines each motion separately, employing the familiar standard" provided by Federal Rule of Civil Procedure 56. Desmond v. PNGI Charles Town Gaming, 630 F.3d 351, 354 (4th Cir. 2011). Thus, each motion is reviewed "on its own merits 'to determine whether either of the parties deserve judgment as a matter of law.'" Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (citation omitted).

When reviewing a disability determination, the Court "is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). Federal courts do not conduct de novo review of the evidence. See Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986). Instead, our inquiry is limited to whether there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It "consists of more than a mere scintilla evidence but may be less than a preponderance." Id. The Court will not "reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ." Id. (citation and alterations

2

omitted). Put simply, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Id. (citation and alterations omitted).

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). Thus, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Id. If the Court has "no way of evaluating the basis for the ALJ's decision, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" Id. (quoting Florida Power & Light v. Lorion, 470 U.S. 729, 744 (1985)); see Brown v. Colvin, 639 F. App'x 921, 922 (4th Cir. 2016) (recognizing that district courts may not "min[e] facts from the [administrative] record to support the ALJ's decisions"). This ensures the ALJ can "adequately explain his reasoning . . . in the first instance." Radford, 734 F.3d at 296.

## IV. SUBSTANTIAL EVIDENCE

### A. INTRODUCTION

The Court has reviewed the transcript of Plaintiff's administrative hearing, the decision of the ALJ, and the administrative record. The issue is not whether the Court might have reached a different conclusion had it been presented with the same testimony and evidence, but whether the decision of the ALJ is supported by substantial evidence. For the reasons explained herein, the Court finds that it is.

### B. SEQUENTIAL EVALUATION

The Commissioner uses a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity ("RFC"), the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

See 20 C.F.R. §§ 404.1520, 416.920. The claimant "bears the burden of production and proof during the first four steps of the inquiry." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). If the claimant carries its burden through the fourth step, the burden shifts to the Commissioner to show other work exists in the national economy that the claimant can perform. See id.

### C. THE ADMINISTRATIVE DECISION

The issue before the ALJ was whether Plaintiff was disabled from June 1, 2003, the alleged date of onset, to the date of his decision. Using the sequential review process, the ALJ determined at step five that Plaintiff was not disabled within the meaning of the Act. To begin, at step one, the ALJ recognized that Plaintiff had not engaged in substantial gainful activity since the alleged onset set of disability. (Tr. 13). Next, at step two, the ALJ determined that Plaintiff suffered from the following severe impairments: diabetes, left eye vision loss, hypertension, obesity, and status-post 1991 right forearm laceration. (Id.).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments equaling the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix

4

1. (Tr. 14). The ALJ also found Plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that he could only: occasionally climb ladders, ropes and scaffolds, and balance; frequently climb ramps and stairs, stoop, kneel, crouch, and crawl; and frequently handle, finger, and feel with his dominant right hand. Furthermore, because of Plaintiff's visual acuity deficit, the ALJ found that he should not be exposed to unprotected dangerous machinery or unprotected heights. Still, he was able to perform work that did not require binocular vision. (Tr. 15). Finally, the ALJ found that Plaintiff could concentrate, persist, and maintain pace sufficient to understand, remember and carry out simple, routine tasks in a low-stress environment, involving simple work-related decisions, occasional independent judgment skills, and occasional work place changes. (Tr. 16).

Based on these findings, the ALJ concluded at step four that Plaintiff was unable to perform past relevant work. (Tr. 19). At step five, the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy, including the jobs of: (1) cashier, (2) shipping and receiving weigher and checker, and (3) mail clerk. (Tr. 20). Because such jobs existed, the ALJ held that Plaintiff was not disabled within the meaning of the Act.

## V. DISCUSSION

Plaintiff alleges three grounds for which this case should be remanded to the ALJ for reconsideration. Plaintiff first moves for remand based on new, material evidence. (Doc. No. 14). Next, Plaintiff asserts that the ALJ erred by failing to fully and fairly develop the record. (Doc. No. 15). Finally, Plaintiff contends the ALJ wrongfully failed to account for his mental limitations in posing hypotheticals to a vocational expert. (Id.). For reasons set forth below, Plaintiff's contentions fail.

### A. MOTION TO RECEIVE ADDITIONAL EVIDENCE

The Sixth Sentence of 42 U.S.C. § 405(g) provides that this Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is [1] new evidence [2] which is material and [3] that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]"  42 U.S.C. § 405(g).  Evidence is "new" where "it is not duplicative or cumulative."  Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991).  Evidence is "material" when "there is a reasonable probability that the new evidence would have changed the outcome."  Id.; see Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991) (same).

Plaintiff requests a Sentence Six remand based on a new medical assessment report by Dr. Stephen Burgess, which was created in March 2019—after the ALJ determined Plaintiff was not disabled.  Plaintiff points to several aspects of the report, summarily contending they could lead to a different result.  Specifically, Plaintiff: (1) has "significant atrophy" in his right hand; (2) has a "depressed" mood; (3) has vertigo and balance issues; (4) suffers from visual loss in his left eye; and (5) believed he has seizures.  (Doc. No. 14-1).  As further explained below, several of the identified portions are cumulative with record evidence.  Moreover, Plaintiff failed to show that the report is material and that he had good cause for failing to produce such a report previously.

To begin, three aspects of Dr. Burgess's report are materially cumulative with record evidence.  First, as to Plaintiff's hand, the ALJ already received a medical assessment from Dr. Tim Johnson, which recognized that Plaintiff had "impaired grip strength" in his right hand, resulting from "atrophy."  (Tr. 294–95).  As a result, the ALJ "restricted [Plaintiff] to frequent handling and fingering in consideration of [Dr. Johnson's] findings."  (Tr. 19).  Second, as to Plaintiff's vision problems, the ALJ specifically noted that Plaintiff had a "visual acuity deficit on the left" and thus explained "[h]e should never be exposed to unprotected dangerous machinery or

6

unprotected heights, but is able to perform work-related tasks and avoid hazards that do not require binocular vision." (Tr. 16). Finally, Dr. Burgess's report indicates that Plaintiff "believes he has had seizures in the past" and "has a family history of epilepsy but has never been diagnosed with seizures." (Doc. No. 14-1, p. 2–3). Plaintiff in fact testified the same belief during his hearing. (Tr. 64). Plaintiff has failed to meet his burden of explaining why Dr. Burgess's statements are not cumulative with record evidence, and why these materially identical statements are reasonably likely to change the outcome of the case.

Next, Plaintiff requests a remand based on Dr. Burgess's single-sentence observation that Plaintiff's "[m]ood is depressed and affect blunted." (Doc. 14-1, p. 5). Prior to the ALJ's decision, Dr. April Strobel-Nuss and Dr. Mark Berkowitz fully evaluated Plaintiff's mental health. Both doctors concluded there was "no objective evidence to support the presence of any mental condition" and that Plaintiff "showed appropriate mood and affect." (Tr. 84, 92). This was consistent with Plaintiff's own testimony that he sometimes felt "angry" and "depress[ed]," but did not need "mental help." (Tr. 57, 66). Again, Plaintiff has failed to explain how Dr. Burgess's single sentence, without any connection to the relevant disability period, undermines the record evidence and is reasonably likely to lead to a different result.

Finally, Dr. Burgess concluded that Plaintiff had "[v]ertigo and balance issues." (Doc. No. 14-1, p. 5). Before the hearing, Dr. Johnson similarly concluded that Plaintiff "may well benefit from the use of a cane due to his . . . noted peripheral neurological symptoms in the feet[.]" (Tr. 296). Plaintiff likewise testified that he carried a walking stick for "[his] vertigo and for [his] left leg." (Tr. 65). The ALJ discredited these statements as "inconsistent with [Dr. Johnson's] objective physical findings that note despite diminished sensation in bilateral feet, claimant exhibits a normal gait and has no difficult with balance as evidenced by the claimant's ability to

stoop, squat and stand on heels and toes without difficult." (Tr. 19). Once more, Plaintiff has failed to explain why his new evidence is reasonably likely to lead a different result.

Even if these aspects of Dr. Burgess's report were new and material, Plaintiff has not demonstrated good cause for failing to present such evidence in his prior hearing. Good cause is required to remand for new evidence to ensure "that these cases would not just go on and on." Melkonyan, 501 U.S. at 101; see Rogers v. Barnhart, 204 F. Supp. 2d 885, 892 (W.D.N.C. 2002). Plaintiff cannot simply submit a new assessment after "an unfavorable decision by an ALJ . . . in an attempt to get a proverbial second bite at the apple with a more favorable ALJ." Parris v. Colvin, No. 2:13-CV-00004-FDW, 2014 WL 427697, at *5 (W.D.N.C. Feb. 4, 2014). Accordingly, Plaintiff's motion to remand for new evidence is denied.

## B.  RECORD DEVELOPMENT

The "ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986). Moreover, when a claimant proceeds without representation, he is "entitled to the sympathetic assistance of the ALJ to develop the record." Crider v. Harris, 624 F.2d 15, 16 (4th Cir. 1980). As such, the ALJ has "a heightened duty of care and responsibility." Id. (citation omitted). "Where the ALJ fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." Marsh v. Harris, 632 F.2d 296, 300 (4th Cir. 1980). Prejudice is demonstrated where the Commissioner's decision "might reasonably have been different had that evidence been before [him] when [his] decision was rendered." Sims v. Harris, 631 F.2d 26, 28 (4th Cir. 1980).

Plaintiff contends the ALJ failed to fully and fairly develop the record because the

8

"diminished strength of his right hand" was too "poorly documented" to assess his disability. (Doc. No. 15, pp. 14, 17). Again, to substantiate this claim, Plaintiff points to Dr. Burgess's medical assessment, which concludes that Plaintiff has "significant atrophy" and is unable to "write well or manipulate small objects" with his right hand. (Doc. No. 14-1, p. 4). As discussed, Dr. Burgess's conclusions are materially identical to those that were made by Dr. Johnson, who informed the ALJ that Plaintiff suffered from "impaired grip strength" in his right hand, resulting from "atrophy." (Tr. 294–95). Receiving this information, the ALJ classified Plaintiff's hand impairment as "severe" and restricted Plaintiff to "light work with only frequent handling, fingering, and feeling with [his] dominant right hand." (Tr. 13, 16). Plaintiff has failed to identify any deficiency in the record affecting the ALJ's disability determination.

Even assuming the record was inadequate, Plaintiff has failed to demonstrate any resulting prejudice. Because Plaintiff's evidence is materially identical to that before the ALJ, Plaintiff has not shown how a complete record is reasonably likely to lead to a different outcome. See Camp v. Massanari, 22 F. App'x 311 (4th Cir. 2001) (citing Newton v. Apfel, 209 F.3d 448, 458 (5th Cir. 2000)). Instead, Plaintiff alleged in conclusory fashion that "[f]urther evaluation . . . should have been done by the [ALJ] to correctly evaluate [Plaintiff's] severe impairment." (Doc. No. 15, p. 18). This barebones assertion is insufficient to demonstrate prejudice. See Coker v. Colvin, No. 1:13-CV-00312-MOC, 2014 WL 4828943, at *5 (W.D.N.C. Sept. 29, 2014).

C.  **ABILITY TO STAY ON TASK**

The ALJ is responsible for determining the RFC of a claimant. See 20 C.F.R. §§ 404.1546(c), 416.946(c). RFC is a statement of the most a person can do in a work setting in light of his impairments and any related symptoms. See 20 C.F.R. §§ 404.1545, 406.945. RFC assesses an individual's ability to do sustained work-related physical and mental activities in a

9

work setting on a regular and continuing basis, meaning eight hours a day for five days a week, or an equivalent work schedule. See SSR 96–8P, 1996 WL 374184, at *1. In determining RFC, the ALJ must consider the functional limitations and restrictions resulting from the claimant's medically determinable impairments, including the impact of any related symptoms. Id. An ALJ formulates a claimant's RFC based on all the relevant evidence in the record. See 20 C.F.R. §§ 404.1545, 406.945. Where RFC is considered at step four of the sequential evaluation, the burden is on the claimant to establish that he or she suffers from a physical or mental impairment which limits functional capacity. See Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).

"The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." SSR 96–8P, 1996 WL 374184, at *1. Such an assessment must address both the exertional and nonexertional capacities of the individual. See id. at *5. Nonexertional capacity "considers all work-related limitations and restrictions that do not depend on an individual's physical strength," such as "an individual's abilities to perform physical activities such as postural (e.g., stooping, climbing), manipulative (e.g., reaching, handling), visual (seeing), communicative (hearing, speaking), and mental (e.g., understanding and remembering instructions and responding appropriately to supervision) . . . . it also considers the ability to tolerate various environmental factors (e.g., tolerance of temperature extremes)." Id. Nonexertional capacity "must be expressed in terms of work-related functions." Id.

An RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96–8p, 1996 WL 374184, at *7). Only after a function-by-function

10

assessment may RFC "be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Id. (quoting SSR 96–8p, 1996 WL 374184, at *1).

In Mascio v. Colvin, the Fourth Circuit held that remand was appropriate based in part on a "legally insufficient hypothetical [that was posed] to the vocational expert." Id. at 637. There, the ALJ asked whether jobs existed for the claimant based upon exertional limitations, but "said nothing about [the claimant's nonexertional] mental limitations." Id. Because the ALJ did "not account for [the] claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work," and because the ALJ "gave no explanation for [not] doing so," the Court held that "a remand [was] in order." Id. at 638.

Plaintiff asserts that the ALJ's posed hypotheticals were likewise insufficient because they failed to account for his exertional and nonexertional limitations. First, Plaintiff asserts the ALJ failed to account for his mood disorder. (Doc. No. 15, p. 15). But as discussed, the ALJ found that Plaintiff did not suffer from a mental impairment. (Tr. 19). That finding is supported by substantial evidence, including the evaluations of Dr. April Strobel-Nuss and Dr. Mark Berkowitz. Second, Plaintiff argues that the ALJ failed to properly account for his severe impairment to his right hand. But in his hypothetical, the ALJ specifically asked the vocational expert to explain whether being restricted to frequent or occasional "handling, fingering, and feeling on the dominant right [hand]" would affect his ability to perform past relevant work and other work in the national economy. (Tr. 69–72). Plaintiff asserts that the ALJ should have found that Plaintiff's right hand was "not usable." (Doc. No. 15, p. 15). But the ALJ's restriction is again supported by substantial evidence—here, the medical assessment of Dr. Johnson. Accordingly, the ALJ properly considered Plaintiff's exertional and nonexertional limitations.

D.  CONCLUSION

The undersigned has carefully reviewed the decision of the ALJ, the transcript of the proceedings, Plaintiff's motions and brief, Defendant's motion and brief, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. See Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 143, 1456 (4th Cir. 1990). Because the Court finds there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Perales, 402 U.S. at 401 (internal citations omitted), Plaintiff's Motion for Summary Judgment and Motion to Receive New and Material Evidence shall be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. No. 13) is **DENIED**;

(3) Plaintiff's Motion to Receive New and Material Evidence (Doc. No. 14) is **DENIED**;

(4) Defendant's Motion for Summary Judgment (Doc. No. 20) is **GRANTED**; and

(5) this action is **DISMISSED**.

Signed: September 20, 2019

Max O. Cogburn Jr.
United States District Judge